MATTHEW OSTER (State Bar No. 190541)
moster@wrslawyers.com
MICHAEL SIGALL (State Bar No. 305849)
msigall@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582
Telephone: (310) 478-4100
Facsimile: (310) 479-1422

Attorneys for FUNDOMATE, INC., FUNDOMATE, LLC, and SAM SCHAPIRO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GLEN KELLEY, an individual Nevada citizen,<br><br>Plaintiff,<br><br>vs.<br><br>FUNDOMATE, INC., a California Corporation; FUNDOMATE, LLC, a Delaware Limited Liability Company; SAM SCHAPIRO, an individual California citizen, and DOES 1-10, inclusive, ,<br><br>Defendant. | Case No. 2:22-cv-05814-FLA-AS<br><br>**DEFENDANT AND COUNTERCLAIMANT FUNDOMATE, INC.'S COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |
| FUNDOMATE, INC., a California Corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>GLEN KELLEY, an individual,<br><br>Counter-Defendant. | |

**COUNTERCLAIMS**

For its Counterclaims against Glen Kelley, Fundomate, Inc. ("Fundomate") states:

**PARTIES**

1. Fundomate is a California corporation with its principal place of business in Los Angeles, California.

2. Glenn Kelly, on information and belief, is a resident and citizen of the state of Nevada.

**FACTUAL BACKGROUND**

3. On or about April 30, 2022, through an offer letter, Mr. Kelley accepted full-time employment with Fundomate where he would serve as the company's President and Chief Operating Officer.

4. In Mr. Kelley's role as Chief Operating Officer, he was in charge of leading the Fundomate team including, but not limited to, recruiting new partners, organizing and leading company operations, and recruiting new capital providers..

5. Mr. Kelley would often schedule weekly meeting with department heads, but then would either cancel the meetings last minute, not attend the meetings without notice or shorten the meetings from one hour to five to ten minutes. Mr. Kelley was notorious for telling department heads to call him with any questions since he primarily worked remotely – only to ignore the employees calls.

6. Mr. Kelley requested to primarily work from Reno, Nevada, which was where Mr. Kelley resided. Fundomate learned that Mr. Kelley travelled to Los Angeles many times during his employment, but rarely visited the Fundomate office. Mr. Kelley would request reimbursements for these travel expenses even though he did not come into the Fundomate office. On information and belief, Fundomate believes that Mr. Kelley used these trip to Los Angeles in order to create and develop an app. On information and belief, Mr. Kelley had an apartment in Los Angeles, California.

7. While still employed by Fundomate, Mr. Kelly created and developed an app. He incorporated ToUIQ Technologies, Inc. ("ToUIQ") in Delaware on August 18, 2020. ToUIQ is a car rental share app that delivers clean rental cars to

consumers wherever the consumer might be. The ToUIQ website (https://www.touiq.com/) promotes that the only offer services in the Los Angeles area, which is where the Fundomate business is based and operates.

8. Mr. Kelley created ToUIQ using Fundomate's exclusive resources and time. On information and belief, Mr. Kelley devoted this time to ToUIQ when he was supposed to be leading Fundomate's operations and used Fundomate's resources to solicit their partners for ToUIQ.

9. On or about November 17, 2020, Fundomate terminated Mr. Kelley's employment for not meeting his goals of increasing operational revenue, hiring key personnel, improving operations, and increasing deal flow and partnerships.

10. Mr. Kelley did not execute any written instrument that provides that Fundomate is not the owner of ToUIQ.

11. On or about November 19, 2020, Mr. Kelley solicited one of Fundomate's business partners, Evan Sohn from Recruiter.com, to invest in ToUIQ. Mr. Kelley informed Mr. Sohn that ToUIQ just went live in Los Angeles and to "keep confidential for now in our circules – tryin to be stealthy until we close round." This is after Mr. Kelley commuted to Los Angeles for Fundomate-related work and requested reimbursement for such travel.

## <u>COUNTERCLAIM ONE</u>

### (Declaratory Relief)

12. Fundomate refers to and incorporate by reference paragraphs 1 through 11, inclusive of the Counterclaim.

13. An actual, present and justifiable controversy has arisen and now exists between Fundomate and Mr. Kelley concerning the ownership of ToUIQ and its revenue.

14. Fundomate seeks a judicial declaration that it is the owner of ToUIQ and is owed all revenue relating to it.

15. Such a declaration is necessary and appropriate so that the parties may

ascertain their respective rights and obligations.

**COUNTERCLAIM TWO**

**(Conversion)**

16. Fundomate refers to and incorporate by reference paragraphs 1 through 15, inclusive of the Counterclaim.

17. Fundomate owns and has an exclusive right to all products that are created within the course and scope of any employee's employment with Fundomate and that utilizes Fundomate's exclusive resources and time.

18. Fundomate is informed and believe and based thereon alleges that, while Mr. Kelley was employed by Fundomate, he used Fundomate's exclusive resources and time to create ToUIQ.

19. Mr. Kelley has now converted ToUIQ for his own purposes.

20. Mr. Kelley's conversion was a substantial factor in causing and proximately caused Fundomate damage in an amount to be proven at trial but in excess of the jurisdictional minimums of this Court.

21. Fundomate is informed and believes and based thereon alleges that Mr. Kelley's conversion was intentional and done with malice, oppression, and/or fraud toward Fundomate. Said conduct was undertaken by Mr. Kelley with the intent to cause substantial injury to Fundomate and/or was despicable conduct carried out by Mr. Kelley in willful and conscious disregard of Fundomate's rights. As a result, Fundomate is entitled to an award of exemplary and punitive damages.

**COUNTERCLAIM THREE**

**(Unfair Business Practices – Bus. & Prof. Code §§ 17200, *et seq*.)**

22. Fundomate refers to and incorporate by reference paragraphs 1 through 21, inclusive of the Counterclaim.

23. California *Business & Professions Code* § 17200 prohibits "any unlawful, unfair, or fraudulent business act or practice." Fundomate is informed and believes and on the basis of such information and belief alleges that Mr. Kelley

engaged in unlawful, unfair, and/or fraudulent business practices in violation of California *Business & Professions Code* §§ 17200 *et seq.*

24. Mr. Kelley's breaches of his fiduciary duties and conversion, as alleged herein, constitute predicate violations for a claim for unlawful, unfair, and/or fraudulent business practices in violation of California Business & Professional Code §§17200, *et seq*.

25. The unlawful, unfair and/or fraudulent business practices of Mr. Kelley are a continuing threat because Mr. Kelley developed ToUIQ when he was an employee of Fundomate.

26. This unlawful conduct was a substantial factor in causing and proximately caused Fundomate's damages in an amount to be proven at trial but in excess of the jurisdictional minimums of this Court.

27. Fundomate has been damaged monetarily by Mr. Kelley's unlawful, unfair and/or fraudulent business conduct as alleged herein, and will continue to be damaged by Mr. Kelley's conduct unless enjoined.

28. Fundomate has been irreparably injured by Mr. Kelley's unlawful, unfair, and/or fraudulent conduct.

29. Mr. Kelley's actions violate California Business & Professional Code §§17200 *et seq.* for which Fundomate is entitled to the remedies permitted by statute as well as injunctive relief, including a temporary restraining order, preliminary injunction and permanent injunction.

## **PRAYER FOR RELIEF**

WHEREFORE, Fundomate prays for judgment against Mr. Kelley as follows:

1. For a declaration that Fundomate is the owner of of ToUIQ and is owed all revenue relating to it;

2. For all damages sustained by Fundomate according to proof at trial;

3. For interest at the maximum allowable by law;

4. For punitive damages; and

5. For such other and further relief as the Court may deem just and proper.

DATED: November 8, 2022

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

By: */s/ Michael Sigall*

MATTHEW OSTER
MICHAEL SIGALL

Attorneys for FUNDOMATE, INC., FUNDOMATE, LLC, and SAM SCHAPIRO

**DEMAND FOR JURY TRIAL**

Defendant and Counterclaimant Fundomate, Inc. hereby demands a trial by jury.

DATED: November 8, 2022

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP

By: */s/ Michael Sigall*
MATTHEW OSTER
MICHAEL SIGALL
Attorneys for FUNDOMATE, INC., FUNDOMATE, LLC, and SAM SCHAPIRO