MATTHEW OSTER (State Bar No. 190541)
moster@wrslawyers.com
BRANDON SADIGH (State Nar No. 327193)
bsadigh@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582
Telephone: (310) 478-4100
Facsimile: (310) 479-1422

Attorneys for FUNDOMATE, INC., FUNDOMATE, LLC, and SAM SCHAPIRO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GLEN KELLEY, an individual Nevada citizen,<br><br>Plaintiff,<br><br>vs.<br><br>FUNDOMATE, INC., a California Corporation; FUNDOMATE, LLC, a Delaware Limited Liability Company; SAM SCHAPIRO, an individual California citizen, and DOES 1-10, inclusive, ,<br><br>Defendant. | Case No. 2:22-cv-05814-FLA-AS<br><br>**DEFENDANT AND COUNTERCLAIMANT FUNDOMATE, INC.'S FIRST AMENDED COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |
| FUNDOMATE, INC., a California Corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>GLEN KELLEY, an individual,<br><br>Counter-Defendant. | |

## COUNTERCLAIMS

For its Counterclaims against Glen Kelley, Fundomate, Inc. ("Fundomate") states:

## PARTIES

1. Fundomate is a California corporation with its principal place of business in Los Angeles, California.

2. Glenn Kelly, on information and belief, is a resident and citizen of the state of Nevada.

## FACTUAL BACKGROUND

3. On or about April 30, 2022, through an offer letter, Mr. Kelley accepted full-time employment with Fundomate where he would serve as the company's President and Chief Operating Officer.

4. In Mr. Kelley's role as Chief Operating Officer, he was in charge of leading the Fundomate team including, but not limited to, recruiting new partners, organizing and leading company operations, and recruiting new capital providers.

5. Mr. Kelley would often schedule weekly meetings with department heads, but then would either cancel the meetings last minute, not attend the meetings without notice, or shorten the meetings from one hour to five to ten minutes. Mr. Kelley was notorious for telling department heads to call him with any questions since he primarily worked remotely – only to ignore the employees calls.

6. While employed by Fundomate, Mr. Kelly created and developed an app called ToUIQ. ToUIQ is a car rental share app that delivers clean rental cars to consumers wherever the consumer might be. The ToUIQ website (https://www.touiq.com/) promotes that the only offer services in the Los Angeles area, which is where the Fundomate business is based and operates. Mr. Kelly incorporated ToUIQ Technologies, Inc. ("ToUIQ") on August 18, 2020.

7. Mr. Kelley requested to primarily work from Reno, Nevada, which was where Mr. Kelley resided. Fundomate learned that Mr. Kelley nevertheless travelled to Los Angeles many times during his employment, but rarely visited the Fundomate office. Mr. Kelley would cause Fundomate to reimburse him for these travel expenses. On information and belief, Fundomate believes that Mr. Kelley

used these trip to Los Angeles in order to create and market ToUIQ.

8. Mr. Kelley created ToUIQ using Fundomate's resources and time. On information and belief, Mr. Kelley devoted this time to ToUIQ when he was supposed to be leading Fundomate's operations and used Fundomate's resources to solicit Fundomate's partners for ToUIQ.

9. On or about November 17, 2020, Fundomate terminated Mr. Kelley's employment for not meeting his goals of increasing operational revenue, hiring key personnel, improving operations, and increasing deal flow and partnerships.

10. No document provides that Fundomate is not the owner of ToUIQ.

11. On or about November 19, 2020, Mr. Kelley solicited one of Fundomate's business partners, Evan Sohn from Recruiter.com, to invest in ToUIQ. Mr. Kelley informed Mr. Sohn that ToUIQ just went live in Los Angeles and to "keep confidential for now in our circles – tryin to be stealthy until we close round." This is after Mr. Kelley commuted to Los Angeles, allegedly for Fundomate-related work, and caused Fundomate to reimburse him for such travel.

## COUNTERCLAIM ONE

**(Declaratory Relief)**

12. Fundomate refers to and incorporate by reference paragraphs 1 through 11, inclusive of the Counterclaim.

13. An actual, present and justifiable controversy has arisen and now exists between Fundomate and Mr. Kelley concerning the ownership of ToUIQ and its revenue.

14. Fundomate seeks a judicial declaration that it is the owner of ToUIQ and is owed all revenue relating to it.

15. Such a declaration is necessary and appropriate so that the parties may ascertain their respective rights and obligations.

/ / /

/ / /

## COUNTERCLAIM TWO

**(Conversion)**

16. Fundomate refers to and incorporate by reference paragraphs 1 through 15, inclusive of the Counterclaim.

17. Fundomate owns and has an exclusive right to all products that are created within the course and scope of any employee's employment with Fundomate and that utilizes Fundomate's exclusive resources and time.

18. Fundomate is informed and believes and based thereon alleges that, while Mr. Kelley was employed by Fundomate, he used Fundomate's exclusive resources and time to create ToUIQ.

19. Mr. Kelley has now converted either ToUIQ or Fundomate's resources for his own purposes.

20. Mr. Kelley's conversion was a substantial factor in causing and proximately caused Fundomate damage in an amount to be proven at trial but in excess of the jurisdictional minimums of this Court.

21. Fundomate is informed and believes and based thereon alleges that Mr. Kelley's conversion was intentional and done with malice, oppression, and/or fraud toward Fundomate. Said conduct was undertaken by Mr. Kelley with the intent to cause substantial injury to Fundomate and/or was despicable conduct carried out by Mr. Kelley in willful and conscious disregard of Fundomate's rights. As a result, Fundomate is entitled to an award of exemplary and punitive damages.

## COUNTERCLAIM THREE

**(Unfair Business Practices – Bus. & Prof. Code §§ 17200, *et seq*.)**

22. Fundomate refers to and incorporate by reference paragraphs 1 through 21, inclusive of the Counterclaim.

23. California *Business & Professions Code* § 17200 prohibits "any unlawful, unfair, or fraudulent business act or practice." Fundomate is informed and believes and on the basis of such information and belief alleges that Mr. Kelley

engaged in unlawful, unfair, and/or fraudulent business practices in violation of California *Business & Professions Code* §§ 17200 *et seq.*

24. Mr. Kelley's breaches of his fiduciary duties and conversion, as alleged herein, constitute predicate violations for a claim for unlawful, unfair, and/or fraudulent business practices in violation of California Business & Professional Code §§17200, *et seq*.

25. The unlawful, unfair and/or fraudulent business practices of Mr. Kelley are a continuing threat because Fundomate's time and resources were used to develop and market ToUIQ and Fundomate's resulting ownership of the app should be recognized.

26. This unlawful conduct was a substantial factor in causing and proximately caused Fundomate's damages in an amount to be proven at trial but in excess of the jurisdictional minimums of this Court.

27. Fundomate has been damaged monetarily by Mr. Kelley's unlawful, unfair and/or fraudulent business conduct as alleged herein, and will continue to be damaged by Mr. Kelley's conduct unless enjoined.

28. Fundomate has been irreparably injured by Mr. Kelley's unlawful, unfair, and/or fraudulent conduct.

29. Mr. Kelley's actions violate California Business & Professional Code §§17200 *et seq.* for which Fundomate is entitled to the remedies permitted by statute as well as injunctive relief, including a temporary restraining order, preliminary injunction and permanent injunction.

## COUNTERCLAIM FOUR

**(Breach of Fiduciary Duty)**

30. Fundomate realleges and incorporates by reference as though set forth in full the allegations in paragraphs 1 through 29, herein.

31. As a Director of Fundomate, Mr. Kelley owed Fundomate a fiduciary duty to act with the utmost good faith in the best interests of Fundomate.

32. Mr. Kelley breached his fiduciary duty to Fundomate when he used Fundomate time and resources to develop and market ToUIQ for his own benefit.

33. As a direct and proximate result of Mr. Kelley's conduct, as described herein, Fundomate has been damaged in an amount to be proven at trial, but in no event less than the jurisdictional minimum of this Court.

34. Mr. Kelley's conduct, as described herein, was knowingly deceitful and malicious. It was intended to injury Fundomate and to impose an unjust hardship on Fundomate in conscious disregard of Fundomate's rights. Accordingly, Mr. Kelley has been guilty of oppressions, fraud, or malice within the meaning of Civil Code § 3294, such that Fundomate may recover exemplary and punitive damages against them in an amount to be determined.

**PRAYER FOR RELIEF**

WHEREFORE, Fundomate prays for judgment against Mr. Kelley as follows:

1. For a declaration that Fundomate is the owner of ToUIQ and is owed all revenue relating to it;
2. For all damages sustained by Fundomate according to proof at trial;
3. For interest at the maximum allowable by law;
4. For punitive damages; and
5. For such other and further relief as the Court may deem just and proper.

DATED: December 20, 2022

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP

By: */s/*
MATTHEW OSTER

Attorneys for FUNDOMATE, INC.,
FUNDOMATE, LLC, and SAM SCHAPIRO

## DEMAND FOR JURY TRIAL

Defendant and Counterclaimant Fundomate, Inc. hereby demands a trial by jury.

DATED: December 20, 2022

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

By: */s/ Brandon Sadigh*
MATTHEW OSTER
BRANDON SADIGH
Attorneys for FUNDOMATE, INC., FUNDOMATE, LLC, and SAM SCHAPIRO